UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
                                       :
ELIZABETH RODRIGUEZ                 :         3:11 CV 1824 (JGM)
                                         :
V.                                            :
                                         :
MICHAEL J. ASTRUE,                   :
COMMISSIONER OF SOCIAL SECURITY :        DATE: FEBRUARY 22, 2012
                                         :
------------------------------------------------------------x

RULING ON DEFENDANT'S MOTION TO DISMISS

This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), as amended, seeks review of a final decision by the Commissioner of Social Security ["SSA"] denying plaintiff Disability Insurance Benefits ["DIB"].

I.  ADMINISTRATIVE PROCEEDINGS

According to plaintiff's complaint, on or about November 3, 2008, plaintiff applied for DIB, claiming that she has been disabled since May 23, 2007. (See Dkt. #1, ¶ 5).  Plaintiff's application was denied initially and upon reconsideration.  (Id. ¶¶ 5-6).  On or about September 21, 2009, plaintiff filed a request for a hearing by an Administrative Law Judge ["ALJ"](id. ¶ 7), and on or about April 11, 2011, a hearing was held before ALJ William J. Dolan. (Id. ¶ 8).  In a decision dated ten days later, on April 21, 2011, the ALJ determined that plaintiff was not disabled. (Id.).  The Decision Review Board ["DRB"] selected this claim for review; the DRB was then replaced by the Appeals Council, and on September 26, 2011, the Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.  (Id. ¶¶ 9-10; see also Dkt. #9-2, ¶ 3(a) & Exhs. 1-2).

Plaintiff commenced this lawsuit on November 23, 2011.  (Dkt. #1). On January 19,

2012, defendant filed the pending Motion to Dismiss (Dkt. #9),[1] as to which plaintiff filed her brief in opposition on February 8, 2011. (Dkt. #10). Defendant filed his reply brief nine days later, on February 17, 2012. (Dkt. #11).

For the reasons stated below, defendant's Motion to Dismiss (Dkt. #9) is granted.

## II. DISCUSSION[2]

In this motion, defendant argues that plaintiff's lawsuit is untimely because the Appeals Council sent plaintiff and her representative its decision on September 13, 2011, plaintiff never requested an extension of time in which to file her civil action, and this lawsuit was not filed until November 23, 2011, which is beyond the sixty-day time limit established in 42 U.S.C. § 405(g).[3] (Dkt. #9, Brief at 2-4; see also Ortiz Aff't ¶¶ 3(a)-(b)). Defendant further argues that there are no circumstances in this case that would justify tolling the sixty day limit. (Dkt. #9, Brief at 4-5).[4]

In her brief in opposition, plaintiff asserts that because defendant has not alleged that

---

[1]Attached is the affidavit of Donald V. Ortiz, sworn to on December 28, 2011 ["Ortiz Aff't"], attached to which is a copy of ALJ Dolan's Unfavorable Decision, dated April 21, 2011 and List of Exhibits (Exh. 1), and copy of Notice of Appeals Council Action, dated September 13, 2011 ["Appeals Council Decision"](Exh. 2).

[2]In this Rule 12(b)(6) Motion to Dismiss, the court may "properly consider[] those documents submitted by the parties that are matters of public record or which are deemed included in the complaint." Cruz v. Astrue, No. 11-CV-199 (ARR), 2012 WL 314869, at *1, n.1 (E.D.N.Y. Feb. 1, 2012)(citations omitted).

[3]Section 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

[4]Plaintiff did not address the issue of tolling in her brief in opposition (Dkt. #10), so as a result, that issue will not be addressed in this ruling.

the Appeals Council Decision was, in fact, mailed on September 13, 2011, while plaintiff has alleged in her Complaint that she did not receive a copy of it until September 26, 2011, her complaint is not untimely under 20 C.F.R. § 404.981, which provides: "You may file an action in a Federal district court within 60 days <u>after the date you receive notice</u> of the Appeals Council's action." (Dkt. #10, at 2-3 & nn.1-3; Dkt. #1, ¶ 9)(emphasis added).  In his reply brief, defendant emphasizes that "plaintiff has failed to make a reasonable showing to rebut the presumption that she received the Appeals Council's notice on September 18, 2011[,]" outside of her "unsubstantiated allegation in . . . her complaint that she received the Appeals Council notice on September 26, 2011." (Dkt. #11, at 2-3).

As the U.S. Supreme Court held more than twenty-five years ago, regarding the sixty day limitation in § 405(g): "In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." <u>Bowen v. City of New York</u>, 476 U.S. 467, 481 (1986)(footnote omitted).  The Social Security Regulations create a rebuttable presumption that receipt of the denial occurs five days after the date of the notice: "[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be [five] days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).  Thus, a claimant "has [sixty-five] days from the date of a final decision notice to file suit." <u>Velez v. Apfel</u>, No. 99-6314, 2000 WL 1506193, at *1 (2d Cir. Oct. 6, 2000).

The case law has been consistent within the Second Circuit that there is some burden on a claimant to make a "reasonable showing to the contrary" of the five-day presumption within § 422.210(c), beyond mere allegations in his or her complaint. <u>See, e.g.,</u>

Liranzo v. Comm'r of Soc. Sec., 411 Fed. Appx. 390, 391 (2d Cir. 2011)("The applicable regulation starts the clock when an individual receives a notice of denial from the Appeals Council, which date is 'presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.'")(quoting 20 C.F.R. § 422.210(c)).  In Liranzo, the Second Circuit rejected plaintiff's assertion, inter alia, that in the low-income neighborhoods mailboxes are often vandalized, in the absence of any representation by plaintiff that "his mailbox was in fact vandalized at any time during the relevant period."  Id.  See also Velez, 2000 WL 1506193, at *1 ("Given that [plaintiff] made no 'reasonable showing' beyond her conclusory allegation, the district court properly declined to disturb the SSA's ruling."); Cruz v. Astrue, No. 11-CV-199 (ARR), 2012 WL 314869, at *2 (E.D.N.Y. Feb. 1, 2012)(plaintiff provided "no supporting evidence[]" that she did not receive the Appeals Council's notice until six-months of date of notice other than her allegations in her complaint to that effect, whereas defendant submitted affidavit that notice was in fact mailed on date it was issued, so that requirements of § 422.210(c) were not met); Smith v. Comm'r of Soc. Sec., No. 08-CV-1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010)("[B]ecause [plaintiff] brought her action sixty-nine days after the Appeals Council's determination, and because [plaintiff] has not made a reasonable showing that she received the Appeal Council's determination any later than five days after it was issued, the court will dismiss [plaintiff's] action.")(citation omitted); Malavolta v. Comm'r of Soc. Sec., No. 08 CV 6528(LTS)(KNF), 2009 WL 1097275, at *3-4 (S.D.N.Y. Apr. 23, 2009)(plaintiff's "bare assertion that he did not receive the Appeals Council decision until two months after the date of the decision" was insufficient to rebut the presumption that he had received the letter within five days of the date of the decision)(internal quotations & citations omitted), Magistrate Judge's

Recommended Ruling approved absent objection, 2009 WL 1468601 (S.D.N.Y. May 22, 2009); Guinyard v. Apfel, No. 99 CIV 4242 (MBM), 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000)("[plaintiff's] bare assertion that the notice arrived over two months later in a damaged condition . . . [fell] short of the 'reasonable showing' necessary to overcome the presumption . . . ."); Johnson v. Comm'r of Soc. Sec., 519 F. Supp. 2d 448,449 (S.D.N.Y. 2007)("Although the complaint alleges that [plaintiff] received the Appeals Council's decision [thirty-three days after it was issued], there is nothing on record to rebut the presumption of receipt of the notice of denial within five days of its issuance.")(citation omitted).

As defendant appropriately points out (Dkt. #11, at 3), the language in 20 C.F.R. § 404.981 does not preempt the language of 20 C.F.R. § 422.210(c), but rather the two regulations must be read together to confirm that a claimant is presumed to have receive the Appeals Council Notice within five days after the date on the notice, and then a claimant has sixty days thereafter to file his or her lawsuit. See Bender v. Astrue, No. 09-CV-5738 (KAM), 2010 WL 3394264, at *3 (E.D.N.Y. Aug. 23, 2010).

In this case, as in the multiple decisions discussed above, the only indication in the record that plaintiff received the Appeals Council Decision on September 26, 2011 is her "bare assertion" in her complaint (Dkt. #1, ¶ 9), whereas Donald V. Ortiz, Acting Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, has averred that "on September 13, 2011, the Appeals Council sent, by mail addressed to plaintiff [at her address in] Waterbury, CT . . ., with a copy to the representative[,]" a copy of the Appeals Council Decision, and there is no indication in the administrative record of plaintiff having sought any request for extension of time in which to file a civil action. (Ortiz Aff't, ¶¶ 3(a)-(b)).

Therefore, in this case, in the absence of any "reasonable showing" by plaintiff to the contrary, under 20 C.F.R. § 422.210(c) there is a rebuttable presumption that receipt occurred on September 19, 2011.[5]  Sixty days from September 19, 2011 is November 17, 2011; plaintiff's complaint was not filed until six days later, on November 23, 2011.

The conclusion reached here is admittedly a harsh one for plaintiff, who missed the deadline by a mere six days, but is compelled by the above-referenced case law.  See Smith, 2010 WL 5441669, at *1 (complaint dismissed even though it was only four days late); Johnson, 519 F. Supp. 2d at 449 (complaint dismissed even though it was only nine days late).

### III. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss (Dkt. #9) is granted.

Dated at New Haven, Connecticut, this 22nd day of February, 2012.


　　　　　　　　　　　　　　　　　/s/ Joan G. Margolis, USMJ
　　　　　　　　　　　　　　　　　Joan Glazer Margolis
　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[5]September 18, 2011 was a Sunday, the only day of the week on which there is no mail.

There was no severe weather in Connecticut in late September 2011, Tropical Storm Irene having occurred in late August 2011 and the unusual early snow storm having occurred in late October 2011, either of which could have disrupted mail service, Cf. Duran v. Barnhart, No. 03 Civ. 1089 (HB), 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003)(where plaintiff's complaint was filed one week late, plaintiff found to have "made a 'reasonable showing to the contrary[,]'" "[g]iven that the mailing of the [Appeals Council] notice to [plaintiff] took place at Christmas time, [which is] notorious for late mail deliveries. . . ."