UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH RODRIGUEZ,<br><br>         Plaintiff,<br>  v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>         Defendant. | 3:11-CV-1824 (CSH) |

## ORDER ADOPTING RECOMMENDED RULING

HAIGHT, Senior District Judge:

On February 22, 2012, Magistrate Judge Joan G. Margolis filed a Recommended Ruling in this action [Doc. 12].  This Order approves and adopts that Ruling, with the exception of one modification to correct an error.

This action seeks review of a final decision by the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits.  On January 19, 2012, Defendant filed a Motion to Dismiss [Doc. 9] seeking to dismiss this action as time-barred.  In the Recommended Ruling, Judge Margolis granted that Motion.  The time for the filing of an Objection to that Ruling has passed, and Plaintiff has not objected.  "Absent such objection, the Judge ultimately responsible may forthwith endorse acceptance of the proposed decision."  Local Rules for Magistrate Judges 72.2(b).  Upon careful review, the Court adopts the Recommended Ruling and Judge Margolis's findings therein. However, the Court writes to correct an error in that Ruling.

A party seeking review of a decision of the Commissioner of Social Security must file an

action within sixty days after the mailing to her of notice of that decision. 42 U.S.C. § 405(g). The date of the Notice of Appeals Council Action in this matter (the "Notice") is September 13, 2011. There is a rebuttable presumption that the date of Plaintiff's receipt of the Notice is five days after the date of the Notice, 20 C.F.R. § 404.210(c), which is September 18, 2011 (excluding the date of the Notice). It follows that the deadline for Plaintiff's filing of the action was no later than November 17, 2011 (October being a 31-day month). Plaintiff did not file her complaint until six days later. She alleged that she did not receive a copy of the Notice until September 26, 2011, but as Judge Margolis correctly observed, Plaintiff did not make the "reasonable showing" on this topic necessary to overcome the presumption. While the application of the time bar is harsh for Plaintiff, it is nevertheless compelled by law.

The error in the Recommended Ruling is apparently nothing more than a typographic one. On Page 1, that Ruling states that "on September 26, 2011, the Appeals Council denied plaintiff's request for review." It should have given that date as September *13*, 2011. In context, it is clear that Judge Margolis was aware that the date of the decision was September 13. The error is worth correcting, however, because it is the fact that the date of the decision and Notice was September 13 that renders it necessary to dismiss Plaintiff's complaint.

The Recommended Ruling [Doc. 12] is hereby APPROVED and ADOPTED as modified by the correction of the date "September 26, 2011" on Page 1 to read "September 13, 2011."

It is SO ORDERED.
Dated: New Haven, Connecticut
August 21, 2012

                                                                                                 /s/ *Charles S. Haight, Jr.*
                                                                                Charles S. Haight, Jr.
                                                                               Senior United States District Judge